UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JON COLEY, JOSEPH STEFFAN, LUIS ROBLES, RON BROWN, FRANK MULLER, FRED MURILLO, JON LECARNER and MATT CORNELL, as Trustees of the Teamsters Local 831 Pension Trust Fund,

Plaintiffs,

against -

NATIONAL CONVENTION SERVICES, LLC, EVENT DESIGN GROUP, LTD, and EXSERV, INC.

Defendants.

Civil Action No. 1:26-cv-00519-JPC

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

WHEREAS, the above Plaintiffs and Defendant Event Design Group Ltd. (each a "Party" and together the "Parties"), through the undersigned counsel, having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure it is hereby ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties and non-parties in discovery in this action:

1. Counsel for any Party or, as appropriate, non-party, may designate documents or information produced ("Documents") or testimony given ("Testimony") in connection with this action as Confidential Information (as defined herein) either by notation on each page of the Document so designated, statement on the record at a deposition, or written advice to the respective undersigned counsel for the Parties hereto, or by other appropriate mean.

2. As used herein:

(a) "Confidential Information" shall mean all Documents and Testimony, and all information contained therein, and other information designated as confidential, if such Documents or Testimony contain non-public business, commercial, financial, or personal information, the public disclosure of which is either restricted by law or would likely, in the good-faith opinion of the Producing Party, adversely affect the Producing Party's business, commercial, financial, or personal interests or cause the Producing Party to violate his, her, or its privacy or confidentiality obligations to others.

(b) "Producing Party" shall mean the parties to this action and any non-parties producing "Confidential Information" in connection with depositions, document production or otherwise, or the Party or non-party asserting the confidentiality privilege, as the case may be.

(c) "Receiving Party" shall mean the Parties to this action and/or any nonparty receiving "Confidential Information" in connection with depositions, document production, subpoenas or otherwise.

3. Confidential Information will be held and used by the Receiving Party, the persons identified in paragraph 5, below, and any other person receiving such information solely for use in connection with this action and for no other purposes.

4. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information. The challenged designation shall remain in effect, and the material shall continue to be treated as Confidential Information, unless and until the Producing Party agrees in writing to change the designation or the Court orders otherwise.

5. The parties shall meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only" and if such designation is challenged and not resolved by the parties, the challenging party may seek resolution by the Court. All other documents designated as Confidential Information shall not be disclosed, furnished, shown, summarized, described, or revealed to any person or entity, except:

a. Personnel of the Parties actually engaged in assisting in the preparation of this action for trial or other proceeding herein and who have been advised of their obligations hereunder;

b. Counsel for the Parties to this action and their employees and staff, including outside counsel and in-house counsel; and e-discovery vendors, copying vendors, translation vendors, trial-support vendors, graphics vendors, and other vendors or contractors directly assisting counsel in this action, provided that such persons are under the supervision or control of counsel and have been advised of their obligations under this Order;

c. Any witness whom counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

d. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

e. The Court and its staff;

f. Mediators and their staff, if engaged in connection with this action;

g. Stenographers and video technicians engaged to transcribe or record depositions conducted in this action; and

h. Any other person agreed to by the Producing Party.

Any person receiving Confidential Information shall not reveal, discuss, describe, summarize, or disclose such material to or with any person not entitled to receive it under this Order and shall use reasonable measures to store, transmit, and maintain the Confidential Information so as to prevent unauthorized access, use, or disclosure.

6. Prior to disclosing or displaying the Confidential Information to any person referred to in subparagraphs 5(c) and 5(d), above, counsel must:

a. Inform the person of the confidential nature of the information or documents;
b. Inform the person that this Court has restricted the use of the information or documents by him/her for any purpose other than this litigation and has restricted the disclosure of the information or documents to any other person;
c. Provide to each such person a copy of this Order; and
d. Require each such person to sign a Non-Disclosure Agreement to be bound by this Order in the form attached hereto.

Counsel shall retain each signed Non-Disclosure Agreement and produce it to opposing counsel upon request. If a deposition witness refuses to execute a Non-Disclosure Agreement, Confidential Information shall not be disclosed to that witness absent prior written consent of the Producing Party or further order of the Court. A Party may apply to the Court for an order directing the witness's compliance with this Order.

7. The disclosure of a document or information without designating it as Confidential Information shall not constitute a waiver of the right to later designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order, unless the Court orders otherwise.

8. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify a reasonable minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

9. If a Receiving Party learns that Confidential Information has been disclosed to any person or entity not authorized under this Order, or that Confidential Information has been accessed, acquired, used, and/or disclosed through a data breach, security incident, or other unauthorized event, the Receiving Party shall immediately notify the Producing Party in writing; identify, to the extent known, the Confidential Information and unauthorized recipient or incident; use best efforts to retrieve all unauthorized copies; inform the unauthorized recipient of this Order; request that the unauthorized recipient execute a Non-Disclosure Agreement, in the form annexed

hereto; take reasonable steps to mitigate harm and prevent further unauthorized disclosure; preserve evidence concerning the incident; and cooperate with the Producing Party in addressing the incident. Nothing in this Order precludes the Producing Party from asserting legal claims or constitutes a waiver of any rights, remedies, claims, defenses, privileges, or objections arising from or relating to any unauthorized disclosure, data breach, or security incident, and nothing in this Order waives any rights, remedies, counterclaims, defenses, privileges or objections available to the Receiving Party.

10. All depositions shall presumptively be treated as Confidential Information and subject to this Order during the deposition and for a period of fifteen (15) days after a transcript of said deposition is received by counsel for each of the Parties. At or before the end of such fifteen-day period, the deposition shall be classified appropriately. If deposition testimony is designated confidential, the final transcript of the designated testimony shall, to the extent practicable, be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

11. A Party may designate any document, information, deposition testimony, or portion thereof produced or given by any non-party to this action or any portion thereof as Confidential Information subject to this Order by notifying counsel for the Parties and the non-party of such designation in writing. Documents and Testimony provided by non-parties shall be presumptively treated as confidential (a) in the case of Documents, for a period of fifteen (15) days after receipt of the Documents by counsel for the Parties and (b) in the case of Testimony, during the deposition and for a period of fifteen (15) days after a transcript of said deposition is received by counsel for each of the Parties. To the extent practicable, documents and testimony designated as confidential pursuant to this paragraph shall be marked as such in the same manner as Confidential Information produced by the Parties.

12. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI"), or other information, whether inadvertent or otherwise ("Inadvertently Disclosed Information"), shall not constitute or be deemed a waiver or forfeiture of any claim of attorney-client privilege, work-product protection, or any other applicable privilege or protection in this action or in any other federal or state proceeding with respect to the Inadvertently Disclosed Information and its subject matter. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d) and Federal Rule of Civil Procedure 26(b)(5)(B). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

13. If a Producing Party notifies a Receiving Party that produced material is subject to a claim of privilege, work-product protection, or other protection, the Receiving Party shall promptly comply with Federal Rule of Civil Procedure 26(b)(5)(B), including by sequestering, returning, or destroying the specified material and any copies it has, not using or disclosing the material until the claim is resolved, and taking reasonable steps to retrieve the material if the Receiving Party disclosed it before being notified. Within five business days after receiving the notice, the Receiving Party shall certify that it has returned, destroyed, or sequestered the specified

material and all reasonably accessible copies. If the Receiving Party contests the claim, it may present the material to the Court under seal for a determination of the claim, but may not use the substance of the material for any purpose except as permitted by the Court.

14. Notwithstanding the designation of information as Confidential Information in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures with respect to filing under seal. Notwithstanding the foregoing, should the need arise for any Party or, as appropriate, non-party, to disclose Confidential Information during any hearing or trial before the Court, including through argument or the presentation of evidence, such Party or, as appropriate, non-party may do so only after taking such steps as the Court, upon motion or application of the Producing Party or other affected person, shall deem necessary to preserve the confidentiality of such Confidential Information

15. The production or disclosure of Confidential Information shall not constitute a waiver of any Producing Party's right to object to the production, disclosure, admissibility, relevance, authenticity, discoverability, or use of any information in this action or any other action. Nothing in this Order shall operate as an admission by any Party or non-party that any particular document, testimony, information, or thing is or is not confidential, privileged, protected, relevant, authentic, admissible, or discoverable. Failure to challenge a confidentiality designation shall not preclude a later challenge.

16. Within 60 days of the final termination of this litigation by settlement or exhaustion of all appeals, Confidential Information and any copies thereof shall be returned to the Producing Party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files, and a copy of pleadings, motion papers, discovery responses, deposition transcripts, deposition and trial exhibits, correspondence, and materials necessary to comply with legal, ethical, insurance, document-retention, or professional obligations, on the condition that those files will remain protected.

17. If a Receiving Party receives a subpoena, court order, administrative demand, investigative demand, legislative demand, or other compulsory process seeking Confidential Information, the Receiving Party shall, unless prohibited by law, promptly and in any event before producing the Confidential Information, provide written notice to the Producing Party. The notice shall include a copy of the subpoena, order, demand, or other process and shall identify the Confidential Information sought. The Receiving Party shall cooperate reasonably with the Producing Party in any effort to object to, limit, condition, quash, or seek protection from the compelled disclosure. Unless compliance is legally required sooner, the Receiving Party shall not produce the Confidential Information until the Producing Party has had a reasonable opportunity to seek protection. Nothing in this section requires any person to violate a court order or subject itself to penalties for noncompliance with compulsory process.

SO STIPULATED AND AGREED.

Dated: New York, New York
October 7, 2026

COHEN, WEISS AND SIMON LLP

By: /s/*Michael J. DelTergo*
Michael J. DelTergo
909 Third Avenue, 12th Floor
New York, New York 10022
(212) 356-0223
mdeltergo@cwsny.com

*Attorneys for Plaintiffs*

O'HARE PARNAGIAN LLP

By: */s/Andrew C. Levitt*
Robert A. O'Hare Jr.
Andrew C. Levitt
20 Vesey Street, Suite 300
New York, NY 10007
(212) 425-1401
(212) 425-1421 (f)
rohare@ohareparnagian.com

*Attorneys for Defendant Event Design Group Ltd.*

SO ORDERED.
October 8, 2026
New York, New York

Honorable John P. Cronan,
United States District Judge

**Non-Disclosure Agreement**

I, ___________________. have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *JON COLEY, JOSEPH STEFFAN, LUIS ROBLES, RON BROWN, FRANK MULLER, FRED MURILLO, JON LECARNER and MATT CORNELL, as Trustees of the Teamsters Local 831 Pension Trust Fund, v. NATIONAL CONVENTION SERVICES, LLC, EVENT DESIGN GROUP, LTD, and EXSERV, INC*, pending in the U.S. District Court for the Southern District of New York, Civil Action No. 1:26-cv-00519-JPC, have been designated as confidential. I acknowledge that I have read and understand the Protective Order in the above-captioned action (the "Order"). I agree that I will not disclose any Confidential Information produced in the above-captioned action to anyone other than for the purpose of the above-caption action and that at the conclusion of the above-captioned action I will permanently delete or return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising under this Non-Disclosure Agreement and that my willful violation of any term of the order could subject me to punishment for contempt of Court.

DATED:

___________________________